The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LDK SOLAR CO., LTD, a People's Republic of China corporate entity,<br><br>Plaintiff,<br><br>vs.<br><br>SILICON & SOLAR, LLC, a Washington corporation,<br><br>Defendant. | NO. C09-5077 BHS<br><br>PLAINTIFF'S MOTION FOR THE APPOINTMENT OF A RECEIVER<br><br>NOTE ON MOTION CALENDAR:<br>March 27, 2009 |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff LDK Solar Co., Ltd ("LDK") respectfully requests that the Court appoint a receiver to marshal and manage the assets of Defendant Silicon & Solar, LLC. Defendant Silicon & Solar, LLC is an insolvent Washington entity that received $5,749,371.23 from LDK in advance payment for goods that Silicon & Solar never did, and now states it never will,

PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF A RECEIVER
(C09-5077 BHS)
391525/030909 1452/78730001

- 1 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  deliver. Appointment of a general receiver is necessary order to protect LDK and potentially
2  other claimants.

## II.  FACTS

LDK is a Chinese company that designs and manufactures multi-crystalline solar wafers, the principal component used to make solar cells that convert sunlight into electricity. (Declaration of Zhou Min ¶ 2.) Silicon & Solar is Washington company that has served as LDK's supplier of IC grade silicon, a necessary component of solar wafers. (Id. ¶ 4.) LDK and Silicon & Solar have done business since 2005. (Id.) LDK always paid for the silicon in advance of delivery. (Id. ¶ 5.)

In late 2008, Silicon & Solar ceased making scheduled deliveries of silicon to LDK. (Id. ¶ 6.) LDK has made payments of $5,749,371.23 for IC grade silicon that Silicon & Solar has never delivered. (Id. ¶ 7.) In January, 2009, Silicon & Solar apologetically informed LDK that Silicon & Solar had ceased operations and closed its doors. (Id. ¶ 8.) Silicon & Solar has refused to deliver the $5,749,371.23 worth of IC grade silicon pursuant to the contracts or return the money, despite demand. (Id. ¶ 9.)

On February 7, 2009, Silicon & Solar informed LDK that Silicon & Solar had lost most of LDK's $5,749,371.23 in failed transactions with its sub-suppliers. (Declaration of Ken Leava ¶ 2.) In one case, silicon was delivered but it did not meet LDK's specifications (meaning there should be something to resell). (Id.) In another case, the silicon was not delivered at all. In a third case, the sub-supplier closed down. (Id.) At least some of the sub-suppliers are in the U.S. (Id.) Others may be in Germany and Japan. (Id.)

In response, LDK proposed an immediate meeting to choreograph pursuit of Silicon & Solar's sub-suppliers. (Declaration of James D. Nelson ¶ 2 and Ex. A.) Silicon & Solar finally responded almost two weeks later on February 25, 2009. (Id. ¶ 3 and Ex. B.) Silicon & Solar

PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF A RECEIVER
(C09-5077 BHS)  - 2 -
391525/030909 1452/78730001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  expressed some willingness to make financial records available to LDK. (Id.) Silicon & Solar,
2  however, refused to make its management available to assist LDK. (Id.)

### III. ARGUMENT AND AUTHORITY

A. <u>Appointment of a General Receiver Is Warranted.</u>

Fed. R. Civ. P. 66 and LR 66 provide for the appointment of receivers. Washington law also provides a remedy for persons in LDK's predicament: appointment of a receiver, who is "a person appointed by the court as the court's agent, and subject to the court's direction, to take possession of, manage, or dispose of property of a person." RCW 7.60.005(10). Receivership is appropriate where, as here, undisputed claims are made against an insolvent corporation:

> [A] receiver shall be appointed only if the court additionally determines that the appointment of a receiver is reasonably necessary and that other available remedies either are not available or are inadequate:
>
> . . . .
>
> (i) In an action against any person who is not an individual . . . if that person is insolvent or is not generally paying the person's debts as those debts become due unless they are the subject of bona fide dispute, or if that person is in imminent danger of insolvency.

RCW 7.60.025. "The test of the solvency of a corporation is its ability to meet its obligations in the ordinary course of business" <u>Warren v. Porter Const. Co.</u>, 29 Wn.2d 785, 786, 189 P.2d 255, 256 (1948).

Silicon & Solar, which has admitted that it can neither deliver the silicon nor reimburse LDK the money it has paid for the silicon, and which states that it is no longer in business, concedes that it cannot meet its obligations in the daily course of business and is an insolvent corporation for the purpose of Washington's receivership law. Appointment of a receiver to marshal the assets of Silicon & Solar and LDK's claim against those assets is clearly warranted. <u>Id.</u> at 787.

PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF A RECEIVER
(C09-5077 BHS)                                            - 3 -
391525/030909 1452/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Further, where the corporation is completely defunct, as Silicon & Solar appears to be, it is appropriate to appoint a general receiver, with authority to marshal all its assets, manage its daily business, and handle all claims; if Silicon & Solar can prove that the general receivership should be converted to a more limited, custodial receivership, the Court can convert it. RCW 7.60.015.

B. <u>Thomas M. Keller Would Is Uniquely Qualified to Serve as Receiver in this Case.</u>

Thomas M. Keller is uniquely qualified to serve as receiver in this case because he has 31 years of experience in similar matters, is a licensed certified public accountant, and is a practicing business attorney. Mr. Keller's biographical information is attached as Exhibit A.

PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF A RECEIVER
(C09-5077 BHS)                                    - 4 -
391525/030909 1452/78730001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## IV. CONCLUSION

Silicon & Solar admits it has gone out of business and cannot meet its obligation to LDK. Silicon & Solar owes LDK more than $5 million worth of goods it makes no representation that it will ever be able to deliver. The Court should promptly appoint a receiver to protect the assets of Silicon & Solar from dispersal and protect LDK's interest in those assets. Thomas M. Keller is uniquely qualified to serve as receiver in this case. A proposed order is attached.

DATED this 12th day of March, 2009.

> BETTS, PATTERSON & MINES, P.S.
>
> By____/s/ James D. Nelson_____
> James D. Nelson, WSBA #11134
> Victoria M. Pond, WSBA #33159
> Attorneys for Plaintiff LDK Solar Co., Ltd.
> BETTS, PATTERSON & MINES, P.S.
> One Convention Place, Suite 1400
> 701 Pike Street
> Seattle, WA 98101-3927
> Telephone (206) 292-9988
> Telephone: (206) 292-9988
> Facsimile: (206) 343-7053
> Email: jnelson@bpmlaw.com
> Email: vpond@bpmlaw.com

PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF A RECEIVER
(C09-5077 BHS) - 5 -
391525/031209 1143/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: NONE

and I hereby certify that I caused Washington Legal Messengers to personally serve the registered agent for defendant, Silicon & Solar, LLC with a true and correct copy of the foregoing document, including any attachments and exhibits, on March 11, 2009. The defendant's registered agent was served at the following address:

Renie Duvall
33508 N.E. 82nd Ave.
La Center, WA 98629-2819

A true and correct copy of the foregoing document, including any attachments and exhibits, was also served on March 11, 2009 upon:

Gregory J. Dennis, Esq.
Landerholm Memovich Lansverk & Whitesides, P.S.
805 Broadway Street, Suite 1000
Vancouver, WA 98666-1086

A Declaration of Service will be prepared by Washington Legal Messengers and will be filed with the Court.

DATED this 12th day of March, 2009 at Seattle, Washington.

/s/ James D. Nelson
James D. Nelson, WSBA #11134
Victoria M. Pond, WSBA #33159
Attorney for Plaintiff LDK Solar Co., Ltd.
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
Tel:    206-292-9988
Fax:    206-343-7053
Email:  jnelson@@bpmlaw.com
Email:  vpond@bpmlaw.com

395090/031209 1141/78730001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988