THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LDK SOLAR CO. LTD, INC. a People's Republic of China corporate entity, | NO. C09-5077 BHS |
| Plaintiff, | OPPOSITION TO MOTION FOR APPOINTMENT OF RECEIVER |
| vs. | HEARING DATE: March 27, 2009 |
| SILICON & SOLAR LLC, a Washington corporation | |
| Defendant. | |

While Defendant Silicon & Solar LLC ("Silicon & Solar") does not dispute that the business is insolvent, it strongly disputes the assertion that a receiver is necessary or appropriate. Silicon & Solar has offered to cooperate with Plaintiff LDK Solar Co., LTD. ("LDK"), has offered to provide LDK with access to all company financial records. In addition, Silicon & Solar has continued to meet with LDK and has continued to deliver materials to LDK (in January and February 2009) to honor its contractual obligations. LDK has not made the factual showing required to justify the extraordinary remedy it seeks, thus LDK's motion to appoint a receiver should be denied.

OPP TO MOT TO APPOINT RECEIVER - 1 of 8
(C09-5077 BHS)
[1438806 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

## FACTUAL BACKGROUND

Since 2005 Silicon & Solar has provided various types of silicon material to LDK for use in the manufacture of cells for use in solar panels.  Silicon & Solar would purchase silicon material from its sub-suppliers, which would then either: (1) ship directly to LDK; or (2) ship to Silicon & Solar where the material would be processed to meet LDK's requirements. ***Duvall Dec. ¶2.***  The LDK orders were documented by invoices issued by Silicon & Solar. ***Duvall Dec. ¶11 and Ex. C.***  Generally the invoices state the buyer's name, where the product is to be shipped.  For each different item ordered the invoice has a line showing the number of kilograms ordered, describes the materials briefly, indicates the price per kilogram and the total cost for each line item.  At the bottom is a sum total of all line items listed on the invoice.  ***Id.***  The invoices are silent on any other terms and conditions.  None of the invoices in dispute have any corresponding purchase order or written documentation from LDK as to specific terms or requirements. ***Id.***

Silicon & Solar started doing business in October 2005 and it was growing, but not yet profitable. ***Duvall Dec. ¶3, ¶10.***  Sales increased, but problems with materials provided by its sub-suppliers led to substantially increased costs and increasing losses. ***Id.***  Upheavals in the global economic situation combined with the decision of its major customer, LDK, to stop placing new orders in October 2008, led to cash flow problems for Silicon & Solar. ***Id.***  Silicon & Solar ultimately laid off virtually all of its employees and stopped its processing operations on December 7, 2008. ***Duvall Dec. ¶3.***  Despite the closure of its processing operations, Silicon & Solar's CEO, Renie Duvall, has continued to make efforts to negotiate with LDK and to deliver the materials LDK paid for and has done so – most recently shipping 3,700 kilos of silicon to LDK in February 2009, which should provide a $1.3 million credit against the sums owed. ***Duvall Dec. ¶¶4-8, ¶12, ¶15 and Exs. B and C.***

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 • FACSIMILE (253) 620-6565

Ms. Duvall flew to California to meet with LDK representatives, including LDK's Chairman Peng, on February 7, 2009. ***Duvall Dec. ¶4.*** The following week LDK Director Leava mentioned that LDK's attorney wanted to meet with her, and assured her that the company was not pursuing litigation if there were options for cooperating to resolve the issues. ***Duvall Dec. ¶4 and Ex. A.*** LDK had already sued Silicon & Solar, but neither Chairman Peng, Director Leava, nor LDK's counsel mentioned this in any of the communications between Silicon & Solar and LDK that continued through February and early March 2009. ***Duvall Dec. ¶¶4-8 and Exs. A and B.***

On Thursday February 12, 2009, LDK suggested to Duvall that Silicon & Solar representatives meet with LDK's attorneys on Saturday February 14, 2009, to discuss a resolution. ***Duvall Dec. ¶4 and Ex. A.*** Significantly, LDK did not mention that it had filed this lawsuit against Silicon & Solar that very day. Silicon & Solar CEO Duvall responded to explain that she was already heading out of town for a previously scheduled vacation over the President's Day weekend and that she would need to retain counsel to advise the company regarding the issue when she returned on February 17, 2009. ***Duvall Dec. ¶¶4-5 and Ex. A.*** Over this weekend LDK's Chairman continued to communicate with Ms. Duvall authorizing Silicon & Solar to ship LDK 3,700 kilograms of silicon which would provide over $1.3 million in credit on one of LDK's outstanding orders with Silicon & Solar. ***Duvall Dec. ¶6 and Ex. A.***

Upon her return, Duvall promptly notified LDK representatives that Silicon & Solar had secured an appointment with counsel on Friday, February 20, 2009, and that LDK could expect to hear from her attorney the following week. ***Duvall Dec. ¶7 and Ex. B***. Silicon & Solar's counsel then responded with the letter of February 25, 2009, offering to provide all

OPP TO MOT TO APPOINT RECEIVER - 3 of 8
(C09-5077 BHS)
[1438806 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

Silicon & Solar financial records and declining to allow interrogation of its employees on unrelated subjects, and offering to answer written questions. ***Dkt. 9 Nelson Dec. Ex. B.*** Even then, LDK failed to tell Silicon & Solar or its counsel that it had filed this lawsuit two weeks earlier. LDK did not respond to Silicon & Solar's offer to share its financial records made in its February 25, 2009 letter. Instead, LDK proceeded to Amend its Complaint and file motions to appoint a receiver and to expedite discovery.

In March 2009 Silicon & Solar shipped an additional 3,700 kilograms of silicon wafers to LDK in Hong Kong to satisfy the obligations of Silicon & Solar on Invoice 08-160, for a credit of $1.3 million. ***Duvall Dec. ¶8 and Ex. A.*** Duvall again met with Chairman Peng and other LDK representatives in Munich Germany in the first week of March 2009 to discuss ongoing plans to satisfy the pending orders. ***Id.*** At no time during these discussions did any LDK representative indicate that a lawsuit had been filed against Silicon & Solar three weeks earlier. ***Id.***

The existence of this lawsuit (filed on February 12, 2009) was not made known to Silicon & Solar until March 10, 2009, when Duvall was served with the lawsuit and pending motions shortly after her return from the meetings in Germany. ***Duvall Dec. ¶8.*** Despite being provided the name of Silicon & Solar's legal counsel[1] in February 2009, despite ongoing contacts with LDK chose not to notify Silicon & Solar or Duvall of the existence of the pending lawsuit until nearly a month after it had been filed. This essentially left Silicon & Solar with only six business days to retain litigation counsel and respond to the pending motions.

---

[1] Silicon and Solar retained Vancouver counsel on or about February 19. 2009, before retaining its current litigation counsel.

OPP TO MOT TO APPOINT RECEIVER - 4 of 8
(C09-5077 BHS)
[1438806 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

In support of its motion, LDK claims that Silicon & Solar has offered to make some financial records available to LDK, but its management has refused to make its management available to assist LDK. Those allegations are not true. Silicon & Solar has offered to make its full financial records available for LDK's review. *Dkt. 9 Nelson Dec. Ex. B; Duvall Dec. ¶13*. LDK also demanded that its attorney's be allowed to question Silicon & Solar management, which it declined to do. However, Silicon & Solar management has hardly refused to cooperate, and agreed that staff could respond to questions regarding the financial records. *Id.* Indeed, LDK is continuing to do business with Silicon & Solar as evidenced by a recent new purchase order for 1,000 kilograms of silicon. *Duvall Dec. ¶15 and Ex. E.* This recent transaction between LDK and Silicon & Solar concluded on March 20, 2009. *Id.*

Silicon & Solar LLC is unable to refund the money advanced by LDK because it has been spent in the regular course of business. *Duvall Dec. ¶14.* Silicon & Solar has offered to provide all financial records so that this can be verified. *Duvall Dec. ¶¶12-13* However, Silicon & Solar continues to make efforts to secure the delivery of silicon wafers to fulfill its obligations to LDK and has not been engaging in fraud, dissipating assets, or otherwise engaging in the type of malfeasance that would warrant the appointment of a receiver. *Duvall Dec. ¶3, ¶¶12-15 and Ex D*. To the contrary, Silicon & Solar has been making efforts to fulfill its contracts with LDK, shipping substantial materials to satisfy Invoice 08-160, and reducing by over $1.3 million amounts owed to LDK. *Duvall Dec. ¶6, ¶12 and Ex D.*

Silicon & Solar does not object to discovery going forward in this matter on an expedited basis (presuming that this means discovery may now commence, but in accord with applicable Federal Rules of Civil Procedure), and has offered to make the financial information at issue available to LDK without the need for formal discovery. *Duvall Dec.*

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

*¶16*. To the extent LDK seeks to go after Silicon & Solar sub-suppliers or wishes to collect on its various receivables, while that may be an option for resolution it does not justify the appointment of a receiver. In addition there are secured creditors whose claims have priority over LDK's unsecured claims. *Duvall Dec. ¶16*.

### LEGAL ANALYSIS

No assets of Silicon & Solar exist that are capable of being "dissipated" and LDK offers no factual basis to support the extreme remedy sought. Essentially LDK, as an unsecured creditor, wants a prejudgment attachment, wants to bypass the detailed protections provided by the federal bankruptcy code in an involuntary bankruptcy proceeding, and have a receiver appointed who will explore potential claims against Silicon & Solar sub-suppliers. LDK ignores Silicon & Solar's willingness to provide the information requested for review, ignores the factual showing required, and wants to bypass litigation to prove its claims and go directly to attachment of Silicon & Solar assets. "Until a creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity will not lie to reach assets and apply them to the payment of a moneyed demand arising upon a contract, express or implied. Allegations of insolvency do not change this rule." *Grays Harbor Commercial Co. v. Fifer,* 97 Wash. 380, 384, 166 P. 770, 772 (1917).

Silicon & Solar has a right to defend itself in this litigation. While there is no dispute that some of LDK's orders have not been fulfilled, Silicon & Solar is continuing with efforts to fulfill the orders, as was recently done in February 2009.[2] "The application for a receiver must be supported by evidence that the appointment of a receiver is necessary. The mere

---

[2] It should be noted, that due to a significant drop (70% decline) in the price of raw materials in the fall of 2008, specific performance of the remaining orders – a remedy sought in this litigation – would likely cost only $700,000, not $5 million. *Duvall Dec. ¶3*.

OPP TO MOT TO APPOINT RECEIVER - 6 of 8
(C09-5077 BHS)
[1438806 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

statement that there is danger of fraud, mismanagement, etc., is not sufficient." *Grays Harbor Comm'l,* 97 Wash. At 383.

RCW 7.60.045(i) permits appointment of a receiver:

> In an action against any person who is not an individual . . . if that person is insolvent or is not generally paying the person's debts as those debts become due unless they are the subject of bona fide dispute, or if that person is in imminent danger of insolvency . . . .

It is not disputed that Silicon & Solar meets the definition of insolvent; however, a "receiver shall be appointed only if the court additionally determines that the appointment of a receiver is reasonably necessary and that other available remedies either are not available or are inadequate." RCW 7.60.045. Thus, unless LDK makes a factual showing to support these two additional requirements, a receiver may not be appointed.

The allegation that the plaintiff would be greatly damaged if a receiver is not appointed is a legal conclusion, not a statement of fact, and is insufficient to support an application for a receiver. *Union Boom Co. v. Samish River Boom Co.,* 33 Wash. 144, 74 P. 53 (1903). Here, the facts alleged are:

- There may be sub-suppliers of Silicon & Solar that LDK can pursue;

- Some materials delivered to Silicon & Solar were non-conforming and may be available to satisfy this obligation; and

- Silicon & Solar did not agree to make its staff available to respond to a free-ranging interrogation by DK's counsel.

"A receiver will be appointed only when it is necessary to prevent the defeat of justice. The evidence presented must show this. Mere statements that there is great danger of fraud, mismanagement, etc., are not sufficient." *Grays Harbor Commercial Co. v. Fifer*, 97 Wash. 380, 166 P. 770 (1917). "A receiver should not be appointed before trial upon plaintiff's

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

showing of ownership of the property, without proof of great danger of the loss of rents or profits, of fraud, or a necessity to protect the property from destruction or injury, or prevent its removal during the pendency of the action. The discretion of the court 'is exercised for the promotion of justice and the protection of rights when no other adequate remedy exists.'" *Union Boom Co. v. Samish River Boom Co.*, 33 Wash. 144, 74 P. 53 (1903).

Here, LDK's only allegations are that Silicon & Solar is insolvent and that it owes money or silicon deliveries to LDK. While Silicon & Solar has closed its processing operations, it has continued efforts to fulfill its obligations to LDK, and if LDK ultimately prevails in this lawsuit, it may then take steps to enforce any judgment. It is not entitled to bypass that process and impose a receivership absent some evidence to justify this extraordinary step. As Silicon & Solar has explained; there are no assets to "dissipate" and there is no product sitting around just waiting to be shipped. Available silicon has already been shipped to LDK and it continues to place new orders with Silicon & Solar, illustrating the true lack of need for appointment of a receiver.

Dated this 23rd day of March, 2009.

GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP

By _Stephanie Bloomfield_
Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com
Attorneys for Defendant

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565