The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LDK SOLAR CO., LTD, a People's Republic of China corporate entity,

Plaintiff,

vs.

SILICON & SOLAR, LLC, a Washington corporation,

Defendant.

NO. C09-5077 BHS

REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF A RECEIVER

NOTE ON MOTION CALENDAR: March 27, 2009

REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF A RECEIVER (C09-5077 BHS)
396661/032709 1605/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

A. Receivership Is Compulsory On These Undisputed Facts.

Silicon & Solar admits that it is insolvent and owes LDK around $5 million worth of silicon, but still contends that "LDK has not made the factual showing" of "danger of the loss of rents or profits, of fraud, or a necessity to protect the property from destruction or injury, or prevent its removal during the pendency of the action." (Opposition to Motion to Appoint Receiver ("Opp.") at 1:24 and 8:1). Silicon & Solar contends that receivership is available only where the debtor corporation is a bad actor seeking to evade debts that it has the resources (but not the intention) to honor. Since Silicon & Solar has the best intentions, but is simply incapable of delivering the silicon or refunding LDK's payments, it contends receivership should be denied. (Opp. at 8:7-15.) Silicon & Solar misstates Washington law, which requires receivership when sought by a creditor of an insolvent corporation.

1. Corporate insolvency alone compels receivership.

Washington law is absolutely plain: corporate insolvency, in the face of a substantial claim, mandates receivership:

> Whatever the rule may be in other jurisdictions, the rule is established in this state that a simple contract creditor, whose claim is not controverted, is entitled to a receivership against a debtor corporation upon a mere showing of insolvency. In Oleson v. Bank of Tacoma, 15 Wash. 148, 45 Pac. 734 [1896], the court said: "Such being the provisions of our statute, it seems too clear for argument that the court of proper jurisdiction has a right to appoint a receiver, at the instance of any party interested, whenever it is made to appear to it that such corporation is insolvent, or has forfeited its corporate rights. No other conditions are imposed by the statute, and to import any other would be judicial legislation."

Davis v. Consolidated Coal Co., 41 Wash. 480, 483, 84 P. 22, 23 (1906) (emphasis added). "[A] creditor has only to establish the fact that he is such, and that the corporation of which he is such creditor is insolvent, to make it a duty of the proper court to appoint a receiver." New

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

York Nat. Exchange Bank v. Metropolitan Sav. Bank, 28 Wash. 553, 563, 68 P. 905, 908 (1902) (emphasis added).

The relevant section of the receivership statute remains essentially identical today.[1] It is as true today as it was in 1902 that a "mere showing of insolvency" compels the appointment of a receiver. Silicon & Solar does not dispute its insolvency. Therefore, LDK is entitled to the appointment of a receiver.

2. Corporate misconduct is not required by the receivership statute.

Washington courts have explicitly rejected the argument that some sort of misconduct on the part of the debtor corporation is necessary or even relevant under the receivership statute. Regardless how honorable the debtor corporation is, "upon a showing that a corporation is insolvent and possesses assets, the court, under the statute above quoted, upon a proper application therefor, must appoint a receiver." Kreide v. Independence League of Am., 188 Wash. 376, 378, 62 P.2d 1101 (1936) (emphasis added). The Kreide "[r]espondent argue[d] that it [was] a charitable, nonprofit corporation, organized pursuant to Rem. Stat. §§ 3872, 3873, and that for this reason its affairs should not be placed in the hands of a receiver." Id. at 378. The Washington Supreme Court rejected that argument and held that the corporation's noble purpose was simply irrelevant. "It clearly appearing from the record that appellants have an unsatisfied judgment against respondent, and that respondent is insolvent

---

[1] A century ago, the receivership statute provided, "'A receiver may be appointed by the court in the following cases: . . . (5) When a corporation has been dissolved or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights.'" New York Nat. Exchange Bank v. Metropolitan Sav. Bank, 28 Wash. 553, 562, 68 P. 905, 908 (1902).

Today's statute provides, "A receiver may be appointed . . . (i) In an action against any person who is not an individual if the object of the action is the dissolution of that person, or if that person has been dissolved, or if that person is insolvent or is not generally paying the person's debts as those debts become due unless they are the subject of bona fide dispute, or if that person is in imminent danger of insolvency." RCW 7.60.025(1)(i).

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

and owns property which apparently is subject to the claims of its creditors, including appellants, the trial court erred in refusing to appoint a receiver for respondent upon appellants' demand." Id. at 380 (emphasis added). Whether the insolvent corporation was run by saints was beside the point. Likewise, in Warren v. Porter Const. Co., 29 Wn.2d 785, 786-87, 189 P.2d 255 (1948), the Washington Supreme Court held that a substantial claim (in excess of $15,000) against an insolvent corporation (that had only about $1,000 in its bank account) "demanded" the appointment of a receiver; there was no need to determine whether the debtor corporations had mingled assets and failed to observe corporate formalities.

Silicon & Solar's protests of good intentions are irrelevant. What is relevant is the corporation's candid admission that "Silicon & Solar LLC is unable to refund the money advanced by LDK because it has been spent in the regular course of business." Duvall Decl. ¶ 14." (Opp. at 5:12-13.) This undisputed insolvency compels the appointment of a receiver.

3. Silicon & Solar misrepresents Washington precedent.

Silicon & Solar cites Union Boom Co. v. Samish River Boom Co., 33 Wash. 144, 75 P.53 (1903), for the proposition that in addition to corporate insolvency, the creditor must also show "danger of the loss of rents or profits, of fraud, or a necessity to protect the property from destruction or injury, or prevent its removal during the pendency of the action." (Opp. at 8:1). Silicon & Solar misrepresents the law. The Union Boom court was construing a completely different section of the receivership statute than the corporate insolvency provision applicable here.

In Union Boom, the plaintiff, Samish River Boom Co., alleged that it had bought from the state the land on which Union Boom Co. was doing business; Samish River claimed it was entitled to take possession of that land and to recover all the profits that Union Boom had earned in using it since the date of sale. Id. at 146-47. Samish River sought the appointment of

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

a receiver during the pendency of the action that would determine whether Samish River was entitled to the relief it sought. Id. at 147. The basis of Samish River's claim for a receivership was not that Union Boom was insolvent. Rather, Samish River pleaded (but did not show), "'if [Union Boom] continues in the possession of said property during the pendency of this action, [Samish River] will be still further damaged, and said damages will be entirely irreparable, as [Samish River] will have no way of recovering the same.'" Id. at 149.

The section of the receivership statute at issue in Union Boom corresponds to RCW 7.60.025(1)(b)(i), permitting a provisional receivership "during the pendency of any action to foreclose upon any lien against or for forfeiture of any interest in real or personal property" where "[t]he property or its revenue-producing potential is in danger of being lost or materially injured or impaired." Under that provision, the movant must show "that the property, fund, or rents and profits in controversy are in danger of being lost, removed, or materially injured, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties." Union Boom at 151.

That section of the statute is not at issue here, and Union Boom is irrelevant to LDK's claim. As we have seen, Washington courts uniformly hold that under RCW 7.60.025(1)(i), corporate insolvency in the face of a substantial claim "demands" receivership. "No other conditions are imposed by the statute and to import any other would be judicial legislation."

B. Silicon & Solar Will Continue Operations In Receivership.

Silicon & Solar points out that, though insolvent, it continues to do business, citing a new purchase order from LDK (which, upon review, turns out not to be an entirely "new" purchase order, but rather to provide for credit against the debt Silicon & Solar owes LDK. (Duvall Dec. Ex. E)) Silicon & Solar seems to imply such ongoing commercial activity bars receivership, as though receivership were available only against defunct corporations. But this

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

is not the case: an insolvent corporation in receivership can continue to do business. That is why a general receiver has the power "to do all things which the owner of the business or property might do in the ordinary course of the operation of the business as a going concern." RCW 7.60.060; cf. RCW 7.60.130.

The key to the analysis is not whether Silicon & Solar continues to engage in commercial activity, but rather, whether it is unable "to meet its obligations in the ordinary course of business." Warren v. Porter Const. Co., 29 Wn.2d 785, 786, 189 P.2d 255, 256 (1948). Silicon & Solar concedes it meets this definition of insolvency, a concession that compels the appointment of a receiver. It will be in the interests of both parties if Silicon & Solar continues to deliver silicon while in receivership, and the statute permits that result.

C. Receivership Is Available Even If The Creditor Cannot Be Made Whole.

Silicon & Solar contends that it has never been profitable, and that problems with the global economy and the quality of the product delivered by its sub-suppliers have "led to cash flow problems." (Opp. at 2:15-19.) Silicon & Solar states, "there are no assets to 'dissipate' and there is no product sitting around just waiting to be shipped. Available silicon has already been shipped to LDK." (Id. at 8:12-13.) Silicon & Solar implies the Court should deny LDK's motion as futile.

Silicon & Solar's argument that corporate poverty should defeat a motion to appoint a receiver misapprehends Washington law. The receivership statute does not require that the creditor seeking the appointment of a receiver demonstrate that the debtor have assets sufficient to satisfy the creditor's claims; indeed, such a requirement would be nonsensical in the face of the provision for the appointment of a receiver for an insolvent corporation. RCW 7.60.025(1)(i). LDK need show only that there are some assets for the receiver to take control of. Kreide at 380. Silicon & Solar admits that it has some assets: it recently "shipped an

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

additional 3,700 kilograms of silicon wafers to LDK in Hong Kong," (Opp. at 4:9), and it anticipates shipping another 1,000 kilograms to LDK in the near future, (id. at 5:10), although these shipments fall short of satisfying Silicon & Solar's obligations to LDK.. Silicon & Solar thus admits that LDK has a substantial claim against an insolvent corporation that has some assets that a receiver can assume control over. These undisputed facts compel receivership.

D. LDK Provided Adequate Notice.

Silicon & Solar complains that at a February meeting, "LDK did not mention that it had filed the lawsuit against Silicon & Solar that very day"; "LDK chose not to notify Silicon & Solar or Duvall of the existence of the pending lawsuit until nearly a month after it had been filed." (Id. at 3:11-14; 4:18-22.) The legal relevance of these facts remains obscure, since Silicon & Solar does not contend LDK violated any Federal Rules of Civil Procedure; or that Silicon & Solar would like to move for a continuance; or that the receivership statute requires a creditor provide informal notice of the possibility of litigation prior to filing suit.

Silicon & Solar seems to complain, "It was not very nice of you to sue us all of a sudden like that." Unfortunately for everyone, a receiver is necessary here. Receivership is not a punishment nor a commentary on the character of Silicon & Solar's management, but simply the remedy compelled by the undisputed facts. Receivership ensures that a disinterested third party review Silicon & Solar's assets, review its outstanding liabilities, and, as the Court's agent and accountable to the Court's oversight, act so far as possible under the circumstances to address claims of creditors against this admittedly insolvent corporation.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

DATED this 27th day of March, 2009.

BETTS, PATTERSON & MINES, P.S.

By /s/ James D. Nelson
James D. Nelson, WSBA #11134
Victoria M. Pond, WSBA #33159
Attorneys for Plaintiff LDK Solar Co., Ltd.
BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927
Telephone (206) 292-9988
Telephone: (206) 292-9988
Facsimile: (206) 343-7053
Email: jnelson@bpmlaw.com
Email: vpond@bpmlaw.com

REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF A RECEIVER (C09-5077 BHS)
396661/032709 1605/78730001

7

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Stephanie L Bloomfield**
GORDON THOMAS HONEYWELL MALANCA PETERSON & DAHEIM
PO BOX 1157
TACOMA , WA 98401-1157
253-620-6500
Fax: FAX 1-253-620-6565
Email: sbloomfield@gth-law.com

DATED this 27th day of March, 2009 at Seattle, Washington.

/s/ James D. Nelson
James D. Nelson, WSBA #11134
Victoria M. Pond, WSBA #33159
Attorney for Plaintiff LDK Solar Co., Ltd.
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
Tel: 206-292-9988
Fax: 206-343-7053
Email: jnelson@@bpmlaw.com
Email: vpond@bpmlaw.com