UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LDK SOLAR CO., LTD., a People's Republic of China corporate entity,<br><br>Plaintiff,<br><br>v.<br><br>SILICON & SOLAR, LLC, a Washington limited liability company,<br><br>Defendant. | CASE NO. C09-5077BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER |

This matter comes before the Court on Plaintiff's Motion for Appointment of Receiver (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff LDK Solar Co., Ltd., is a Chinese company that designs and manufactures multi-crystalline solar wafers, the principal component used to make solar cells that convert sunlight into electricity. Dkt. 8, Declaration of Zhou Min ("Min Decl."), ¶ 2. Defendant Silicon & Solar is a Washington company that has served as Plaintiff's supplier of IC grade silicon, a necessary component of solar wafers. *Id.* ¶ 4. Plaintiff claims that the parties have done business since 2005 with Plaintiff always paying for the silicon in advance of delivery. *Id.* ¶¶ 4-5.

ORDER - 1

Plaintiff claims that in late 2005, Defendant ceased the scheduled deliveries of silicon. *Id.* ¶ 6. Plaintiff also claims that it has advanced Defendant $5,749,371.23 for IC grade silicon that Defendant has not delivered. *Id.* ¶ 7. Defendant claims that it is unable to refund this money because it has been spent in the regular course of business. Dkt. 12-2, Declaration of Renie Duvall ("Duvall Decl."), ¶ 14. Although Defendant concedes that it "meets the definition of insolvent," Dkt. 12 at 7, it claims that it continues to make efforts to secure delivery of silicon wafers to fulfill its obligations to Plaintiff. Duvall Decl. ¶¶ 3, 12-15. Defendant also asserts that "there are secured creditors whose claims have priority over [Plaintiff's] unsecured claims." *Id.* ¶ 16.

On February 12, 2009, Plaintiff filed a complaint against Defendant alleging that Defendant breached a sales contract and requesting that the Court appoint a receiver to pay demands on Defendant's assets. Dkt. 1. On March 12, 2009, Plaintiff filed a Motion for Appointment of Receiver. Dkt. 6. On March 23, 2009, Defendant responded. Dkt. 12. On March 27, 2009, Plaintiff replied. Dkt. 12.

## II. DISCUSSION

In Washington, the court may appoint a receiver:

> In an action against any person who is not an individual if the object of the action is the dissolution of that person, or if that person has been dissolved, or if that person is insolvent or is not generally paying the person's debts as those debts become due unless they are the subject of bona fide dispute, or if that person is in imminent danger of insolvency.

RCW 7.60.025(1)(i).

The power to appoint a receiver is discretionary. *Cmty. & Human Servs. v. N.W. Defenders*, 118 Wn. App. 117, 121 (2003). A trial court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 423 (2006) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26 (1971)).

The Washington Supreme Court has held that

> [u]ntil a creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity will

> not lie to reach assets and apply them to the payment of a moneyed demand
> arising upon a contract, express or implied. Allegations of insolvency do
> not change this rule.

*Grays Harbor Commercial Co. v. Fifer*, 97 Wn. 380, 384 (1917). Moreover, "it must be a somewhat extreme case before the court will appoint a receiver of the property of an individual debtor at the suit of a simple contract creditor . . . ." *State v. Superior Court of King County*, 132 Wn. 258, 263 (1925).

In this case, Plaintiff is attempting to reach Defendant's assets in satisfaction for the breach of an express sales contract. While the case law is less than clear on this issue[1], it seems that Plaintiff is requesting that the Court exercise its equitable powers to enforce a noticeably absent provision of the parties' contract. Plaintiff does cite *Kreide v. Independence League of America*, 188 Wn. 376 (1936), for the proposition that Washington law "<u>requires</u> receivership when sought by a creditor of an insolvent corporation." Dkt. 16 at 2 (emphasis in original). In *Keide*, the Washington Supreme Court addressed a situation where the "plaintiffs recovered a money judgment aggregating over $5,000, against the defendant corporation." 188 Wn. at 376. Thus, *Kreide* is factually distinguishable from this case because Plaintiff has not recovered a judgment against Defendant. Plaintiff's argument is misplaced.

Plaintiff also cites *Warren v. Porter Const. Co.*, 29 Wn.2d 785 (1948), for the proposition that a substantial claim against an insolvent corporation "demands" the appointment of a receiver. Dkt. 16 at 4. In *Warren*, the defendants were two construction companies that the trial court found to be insolvent. *Id.* The trial court found that one defendant owed the plaintiffs approximately $15,000 but "had no more than $1,000 in the bank" and "no other liquid assets." *Id.* at 786. The trial court appointed a receiver for both insolvent defendants and they appealed. The Washington Supreme Court held that

---

[1] *See, e.g.*, K. Tegland, Wash Prac., 15 Civil Procedure § 41.4, n. 4 (2003) (noting that there is a "confusing line of Washington cases, some of which seem to contradict the rules articulated in the *Grays Harbor* case.").

ORDER - 3

"the [trial] court was authorized to appoint a receiver if, in its sound discretion, it deemed it to be necessary in order to secure ample justice to the parties . . . ." *Id*. While this holding shows the latitude of a trial court's discretion, it can hardly be said to stand for the proposition that a receiver is *demanded* when a court is presented with a contract creditor and an insolvent corporation.

In this case, Defendant argues that it "has a right to defend itself in this litigation." Dkt. 12 at 6. Defendant claims that due to global economic circumstances and "a significant drop in the price of raw materials, . . . specific performance on the remaining orders . . . would likely cost only $700,000 and not $5 million." Duvall Dec., ¶ 3. Moreover, Defendant claims that "there are secured creditors whose claims have priority over [Plaintiff's] unsecured claims." In light of these allegations, Plaintiff has failed to show that the appointment of a receiver for Defendant is appropriate at this time. Therefore, Plaintiff's motion is denied without prejudice and the Court will not exercise its equitable powers to appoint a receiver for Defendant.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Appointment of Receiver (Dkt. 6) is **DENIED without prejudice**.

DATED this 6th day of April, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4