UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LDK SOLAR CO., LTD., a People's Republic of China corporate entity,<br><br>    Plaintiff,<br><br>    v.<br><br>SILICON & SOLAR, LLC, a Washington limited liability company,<br><br>    Defendant. | CASE NO. C09-5077BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff LDK Solar Co., Ltd., is a Chinese company that designs and manufactures multi-crystalline solar wafers, the principal component used to make solar cells that convert sunlight into electricity. Dkt. 8, Declaration of Zhou Min ("Min Decl."), ¶ 2. Defendant Silicon & Solar is a Washington company that has served as Plaintiff's supplier of IC grade silicon, a necessary component of solar wafers. *Id*. ¶ 4. Plaintiff claims that the parties have done business since 2005 with Plaintiff always paying for the silicon in advance of delivery. *Id*. ¶¶ 4-5.

    Plaintiff claims that in late 2005, Defendant ceased the scheduled deliveries of silicon. *Id*. ¶ 6. Plaintiff also claims that it has advanced Defendant $5,749,371.23 for IC

ORDER - 1

grade silicon that Defendant has not delivered. *Id*. ¶ 7. Defendant claims that it is unable to refund this money because it has been spent in the regular course of business. Dkt. 12-2, Declaration of Renie Duvall, ¶ 14. Defendant also claims that Plaintiff agreed to two offsets totaling $14,786.75 against Defendant's debt. Dkt. 20, Declaration of Renie Duvall in Opposition to Motion for Summary Judgment ("Duvall Dec."), ¶ 2.

On April 30, 2009, Plaintiff filed a Motion for Summary Judgment. Dkt. 19. On May 18, 2009, Defendant filed the Duvall Dec. Dkt. 20. On May 22, 2009, Plaintiff replied. Dkt. 21.

## II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.   Plaintiff's Motion**

Plaintiff argues that "Since the parties do not dispute [Defendant's] liability to [Plaintiff] and since the parties do not dispute the quantum of that liability, summary judgment is appropriate here." Dkt. 19 at 3. With regard to liability, the Court agrees.

With regard to the amount of liability, Plaintiff initially requested a judgment in the amount of $4,438,523.23. *Id*. at 3. Defendant contends that it should be entitled to an offset of $14,786.75. Dkt. 20 at 1-2. Plaintiff concedes this offset and requests that judgment be entered in the amount of $4,423,736.48. Dkt. 21 at 2. Therefore, the Court grants Plaintiff's motion for summary judgment in the amount of $4,423,736.48.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 19) is **GRANTED** and the clerk shall enter Judgment in favor of Plaintiff for the amount of $4,423,736.48.

DATED this 28th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3